Price, C. J.,
dissenting. I think it exceedingly unfortunate that the court has not decided the main question in this case, which is, — has the trust company legal capacity to act as executor under the appointment made in the will of Adolphus H. Smith, deceased? This question was fully argued in the briefs on the first submission of the case to this court, and on the recent rehearing it was fully argued orally. Eminent counsel, not of record have been heard on the subject, but the case is now disposed of — not on that question, which is of state-wide importance — but on the other point, that the judgment of the circuit court is a collateral attack upon the order made by the probate court appointing the trust company executor. The doctrine of collateral attack occupies a vast field and from its almost infinite resources, enough has been gathered to wean the majority away from the *102 main issue, upon which it now expresses no opinion. I presume that under these circumstances it is not proper to define or express my own opinion about the capacity of the trust company to serve as executor, although that question is paramount and must soon be met in the courts.
I cannot consent that the judgment of the circuit court is a collateral attack on the order of the probate court. The testator Smith died during the pendency of his suit against the telegraph company. The proceedings to revive the action disclosed the name of the trust company as successor to Smith in the action. Who or what is this trust company that asks the place of successor? That question was no doubt answered in the court of common pleas to the effect that it is an Ohio corporation, having a certain place of residence. Its name, and thereby its character, was made known to that court. In short, the action was revived in the name of a corporation and that fact stands out on the record of that proceeding.
If the trust company was legally incompetent to take the appointment made in the will, it was likewise incompetent in the proceedings to revive the action. If there was no legal authority to act under the appointment made in the will, there was absolutely no authority to revive the action in the name of the disqualified corporation. It being wholly a question of law and not of fact, and that question of law being apparent of record, the order of the court of common pleas could not give life and authority to the trust company. If the appointment of the corporation as executor was *103 illegal in the first instance, the order of revivor was illegal, and if illegal on its very face, it was void because illegal, and could be so treated in a court of review.
The state of the law is a matter always to be reckoned with.
It is not necessary to multiply words, but I believe the doctrine of collateral attack as applied to this case, has been greatly overwrought.